RICHARD S. ODOM (SBN 045705)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: (213) 612.2500
Fax: (213) 612.2501

MOLLY MORIARTY LANE (SBN 149206)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001

Attorneys for Defendant
Blue Cross of California, Inc.

FILED

08 MAR -4 PM 3:45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN K. CHELSEA-ENOS, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BLUE CROSS OF CALIFORNIA, and Does 1-50 Inclusive,<br><br>　　　　　　Defendants. | Case No. 06cv1366 W WMc<br>ORDER<br>REGARDING CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER (Doc. No. 24) |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Confid. Agreement and Protect. Order
Case No. 06cv1366 W WMc

In connection with the above-captioned action, Plaintiff Susan K. Chelsea-Enos ("Plaintiff") and Defendant Blue Cross of California ("Blue Cross"), by and through their attorneys, stipulate pursuant to Local Rule 7.2 that the following Confidentiality Agreement and Stipulation and [Proposed] Protective Order may be entered by the Court:

1.  Blue Cross shall have the right to designate as "CONFIDENTIAL" the declarations and documents it has provided to Plaintiff's counsel during the course of this litigation on the ground that the produced declarations and documents contain proprietary business, trade secret, and financial information regarding, among other things, Blue Cross's business operations and personal health information regarding the Plaintiff and the putative class members that is implicated by *Div. of Med. Quality, Bd. of Med. Quality Assurance v. Gherardini* (1979) 93 Cal.App.3d 669, the California Confidentiality of Medical Information Act (Cal. Civ. Code § 56.05(d)) and/or the Standard of Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability Accountability Act of 1996 ("HIPAA"), or information otherwise protected by article I, section 1 of the California Constitution. The designation of any such information shall be made by marking each page of the produced declarations and documents as "CONFIDENTIAL."

2.  The declarations and documents designated as CONFIDENTIAL shall be used by Plaintiff's counsel only for the purpose of settling the instant action and shall not be used for any other purpose whatsoever.

3.  Blue Cross's production or disclosure of the declarations and documents shall in no way constitute a waiver of Blue Cross's right to object to the production or disclosure of other additional confidential material or information. Likewise, Blue Cross's production or disclosure of the declarations and documents shall have no effect on any other dispute over the parties' right to apply to the Court for a further protective order relating to any additional confidential material.

4.  This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions hereof. However, prior to any application to the Court to enlarge or reduce the restrictions of this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Confid. and Protect. Order
Case No. 06cv1366 W WMc

Protective Order, the parties will confer in good faith in an effort to resolve such issues and determine by stipulation an appropriate modification of the original Protective Order.

5. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, the declarations and documents designated as "CONFIDENTIAL" shall be treated as such and shall not be disclosed except in accordance with the terms of this Protective Order.

6. The declarations and documents designated as CONFIDENTIAL shall not be reproduced except as required in connection with the settlement of the instant case. Any person making, or causing to be made, copies reflecting any portions of the declarations or documents designated as CONFIDENTIAL shall make certain that each such copy bears the appropriate CONFIDENTIAL marking.

7. Information marked CONFIDENTIAL may be referred to by the parties in papers filed with the Court in the instant action. However, all papers filed with the Court that quote, describe, or refer to any information deemed CONFIDENTIAL must be filed under seal.

8. The declarations and documents designated as CONFIDENTIAL and all other Confidential Material derived therefrom, may only be disclosed or made available to "Qualified Persons," who are defined to consist of:

 (a) The Court and employees of the Court; and

 (b) Counsel to the parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel; and

 (c) Plaintiff, Susan Chelsea-Enos.

9. The declarations and documents designated as CONFIDENTIAL shall not be disclosed to any persons other than Qualified Persons. In the event that any Qualified Person to whom the declarations and documents designated as CONFIDENTIAL and other Confidential Material derived therefrom is disclosed ceases his or her involvement in the instant action, his or her access to the declarations and documents designated as CONFIDENTIAL shall be terminated immediately. The provisions of this Protective Order shall remain in full force and effect as to any such person

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Confid. and Protect. Order
Case No. 06cv1366 W WMc

10. Counsel for the parties shall take all reasonable precautions to prevent the unauthorized disclosure of the declarations and documents designated as CONFIDENTIAL.

11. The binding effect of this Protective Order shall survive termination of this action, and the Court shall retain jurisdiction to enforce the Protective Order.

**IT IS SO STIPULATED:**

Dated: February 15, 2008            GERGOSIAN & GRAWLESKI LLP

By: *Brooke Hodge CBH*
Edward M. Gergosian
Robert J. Gralewski, Jr.
Brooke E. Hodge
Attorneys for Plaintiff
SUSAN K. CHELSEA-ENOS

Dated: February ___, 2008            MORGAN, LEWIS & BOCKIUS LLP

By:_____
Richard S. Odom
Molly Moriarty Lane
Attorneys for Defendant
BLUE CROSS OF CALIFORNIA, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                    Confid. and Protect. Order
Case No. 06cv1366 W WMc

1    10.   Counsel for the parties shall take all reasonable precautions to prevent the
2 unauthorized disclosure of the declarations and documents designated as CONFIDENTIAL.
3    11.   The binding effect of this Protective Order shall survive termination of this action,
4 and the Court shall retain jurisdiction to enforce the Protective Order.

**IT IS SO STIPULATED:**

Dated: February ___, 2008

GERGOSIAN & GRAWLESKI LLP

By:_____
Edward M. Gergosian
Robert J. Gralewski, Jr.
Brooke E. Hodge
Attorneys for Plaintiff
SUSAN K. CHELSEA-ENOS

Dated: February 15, 2008

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Richard S. Odom
Molly Moriarty Lane
Attorneys for Defendant
BLUE CROSS OF CALIFORNIA, INC.

IT IS SO ORDERED.
DATED 3/3/08

_____
UNITED STATES DISTRICT JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Confid. and Protect. Order
Case No. 06cv1366 W WMc